COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


JAMES MARK TAYLOR, JR.

OPINION BY
v.     Record No. 1865-97-2     CHIEF JUDGE JOHANNA L. FITZPATRICK
APRIL 21, 1998
PEGGY ANN YOUNG TAYLOR


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

Stephen L. Dalton (Stephen L. Dalton &
Associates, on brief), for appellant.

Jonathan M. Murdoch-Kitt for appellee.


In this domestic appeal, James Mark Taylor, Jr. (husband) assigns seven grounds of error to the trial court's rulings on the issues of the award to Peggy Ann Young Taylor (wife) of spousal support, child support, and attorneys' fees.  Five assignments of error were not properly preserved below, and thus Rule 5A:18 bars our consideration of them on appeal.[1]  We address

---

[1]Husband failed to properly preserve the issues of whether the trial court erroneously attributed loan and rental proceeds to him as income and whether the trial court based the awards of child support, spousal support, and attorney's fees on the resulting excessive amount of income.  We decline to consider these issues for the first time on appeal.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).  "A contrary rule would 'deny the trial court the opportunity to consider and weigh, and, if necessary, reconsider before finally ruling.'"  Lecky v. Reed, 20 Va. App. 306, 313, 456 S.E.2d 538, 541 (1995) (citation omitted).  Additionally, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

the remaining questions of whether the trial court erred in: (1) finding the evidence sufficient to support an award of attorneys' fees; and (2) classifying attorney's fees as a lump sum spousal support award. We hold that the trial court erred in delineating an award of attorney's fees as a lump sum spousal support award. Therefore, we affirm in part, reverse in part, and remand.

I.

We recite only those facts relevant to the issues properly before us on appeal. Husband and wife separated on January 31, 1992, after an eighteen year marriage. The parties had four children, ages ten, seven, four, and two, at the time of separation. Wife filed a suit for separate maintenance on April 21, 1993, and on August 25, 1993, she filed for divorce on the grounds of desertion or adultery.

On November 10, 1993, the parties agreed upon and endorsed an order for temporary support. The order provided that husband would pay wife $500 per week in child support, from which she would pay certain limited expenses for herself and the children. Husband agreed to pay all other household expenses, including mortgages, utilities, auto maintenance and insurance, counseling fees, wife's attorney's fees, and the parties' Mastercard and American Express bills. Husband further agreed to be responsible for all expenses of this suit.

In April 1995, husband failed to timely respond to wife's interrogatories and requests for document production. After a

2

hearing on June 1, the trial court issued an order compelling discovery and requiring husband's compliance within ten days. Husband answered the interrogatories on December 14, 1995, but he failed to produce the requested documents. After a second hearing on March 8, 1996, husband supplied some of the requested documents in April 1996. The trial court held a hearing on husband's motion to reduce child and spousal support on May 10, 1996. The court denied husband's motion, finding him in violation of a prior court order to make mortgage payments on the parties' marital home.

Evidence adduced at the hearing and by deposition established that wife's monthly expenses for the children are approximately $2,150, and her own expenses are approximately $1,765 (total expenses less child support and mortgage). Wife's additional expenses include $900 per month for rent and $500 per month for her car lease. Although wife has experience teaching and bookkeeping, she last worked on a part-time basis in 1985. She has provided full-time care for the parties' four young children since then. The most money she earned in one year was $15,000. She has no independent resources other than her IRA, and she has no assets other than the parties' jointly-owned condominium.

Husband described recent reverses in his chiropractic practice due to an attempt to expand into rehabilitation and unanticipated changes in reimbursement practices under managed

care.  He testified that he had considered bankruptcy.  While the parties' joint tax returns show an adjusted gross income above $200,000 for each year from 1989 to 1992, after the parties' separation husband's reported income dropped sharply.  The parties' adjusted gross income on their 1993 joint tax return was $77,611, and their 1994 joint return reflects income of $42,411.  Husband testified in his deposition that he received no income from the business in 1995, but that he received $104,738 in untaxed loans from the business.[2]  In addition to the "loans," husband personally received $2,500 per month rent from the corporation for its Colonial Heights office space until he was forced to re-convey the property to the owner.  Husband's gross income averaged between $30,000 and $35,000 per month in January, February, and March 1996, and his gross income for June 1996 was $25,000.

On May 8, 1997, the trial court issued a decree of divorce on the ground of desertion by husband.  In the decree and by letter opinions of November 14, 1996 and February 6, 1997, the trial court awarded the parties joint legal custody of their four children and awarded wife sole physical custody with reasonable visitation for husband.  "In accordance with the [November 1993] consent order and the evidence presented," the court ordered husband to pay $500 per week for child support and to provide

---

[2]However, the corporate tax return for 1995 shows only $61,718 in loans to shareholders and a $60,000 distribution. Husband is the sole shareholder of the corporation.

4

health and dental insurance for the children.

Additionally, the trial court found "that Mrs. Taylor is in need of support and that Mr. Taylor has the ability to provide that support."  The court considered the November 1993 consent order "reasonable under the evidence presented" and awarded wife $2,000 spousal support per month and an additional $17,219 in a lump sum payment.  The lump sum amount equals and was identified as wife's total bill from Mr. Murdoch-Kitt, her divorce attorney.  Additionally, the trial court expressly awarded wife $14,982.88 in attorney's fees due to Mr. McCall, an attorney she retained for his experience in complex real estate, corporate, taxation, and bankruptcy issues.

## II.

Husband contends the trial court erred in awarding wife attorneys' fees in the absence of properly admitted substantiating evidence.  Husband challenges wife's retention of two attorneys, and he disputes the admissibility of cumulative statements of services rendered in the absence of an opportunity for him to cross-examine wife's attorneys regarding the reasonableness of their fees.  Husband's contentions lack merit.

"It is well-established that an award of attorney's fees in a divorce proceeding is 'a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'"  Alphin v. Alphin, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992) (citation omitted).  See Cooke v. Cooke, 23 Va.

5

App. 60, 474 S.E.2d 159 (1996).  "'We have said that the key to a proper award of counsel fees . . . [is] reasonableness under all the circumstances revealed by the record.'"  Poliquin v. Poliquin, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991) (citation omitted).  Under certain conditions, it may be unreasonable for a party to be simultaneously represented by two attorneys.  See Colbert v. Colbert, 162 Va. 393, 174 S.E. 660 (1934) (holding that husband was not required to pay for wife's simultaneous representation by two attorneys, either of whom was capable of handling the case alone).  However, in a complex case spanning multiple practice areas, we hold that simultaneous representation by more than one attorney may be reasonable as long as the attorneys provide complementary, rather than duplicative, effort.[3]

The instant record reveals no duplication of efforts.  Effective representation in this proceeding required expertise in real estate, corporate, tax, and bankruptcy issues.  Therefore, it was not unreasonable that, in addition to her divorce attorney, for a limited time wife retained an attorney with experience in these areas.

---

[3]Several sister states allow an award of fees for more than one attorney if the facts of the case so warrant.  See Sheila A. v. Whiteman, 913 P.2d 181, 195 (Kan. 1996) ("unnecessary use of multiple attorneys justifies a reduction in the fee award to reflect the duplication"); Mallett v. Mallett, 473 S.E.2d 804, 812 (S.C. Ct. App. 1996) ("This court will not criticize a party for hiring more than one attorney, provided their work is not duplicated and the complexity of the case demands it.").

"'Where the trial judge finds that a fee award is justified, evidence of time expended and services rendered is a proper basis upon which to fix an award.'" Cooke, 23 Va. App. at 66, 474 S.E.2d at 161 (quoting Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)). Wife's attorneys submitted detailed records of their time and effort on her behalf. The question of reasonableness was within the sound discretion of the trial court, and the evidence of husband's repeated lack of cooperation supports the award. Consequently, we hold that the trial court did not abuse its discretion in awarding attorneys' fees to wife.

                                    III.

Additionally, husband challenges the trial court's award of lump sum spousal support. Both parties acknowledged on brief that the award of a "lump sum of spousal support" was clearly intended to compensate wife for her attorney's fees owed to Mr. Murdoch-Kitt. Wife specifically requested that "any award [of attorney's fees] be in the form of a lump sum of alimony or equitable distribution, since Dr. Taylor has said he will go bankrupt." We hold that the trial court erred in characterizing the award of attorney's fees as spousal support.

"'Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship.'" Dotson v. Dotson, 24 Va. App. 40, 44, 480 S.E.2d 131, 132 (1997) (quoting Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364, 368

7

(1987)).  Because of the nature and purpose of spousal support,

it receives special treatment under federal tax and bankruptcy

laws.  See 26 U.S.C. §§ 71, 215 (spousal support is income to

recipient and deductible to payor); 11 U.S.C § 523(a)(5) (debt

for spousal support is not dischargeable).  In determining

whether to award spousal support, the trial court must "consider

the circumstances and factors which contributed to the

dissolution of the marriage."  Code § 20-107.1.  In setting the

amount of support, the court must consider the factors listed in

Code § 20-107.1, including the financial condition of the

parties, the distribution of the marital estate, the tax

consequences, and other factors related to the equities between

the parties.[4]  Although the trial court has "discretion in

---

[4] "If the court determines that an award should be
made, it shall, in determining the amount,
consider the following:
1.  The earning capacity, obligations, needs
and financial resources of the parties . . .;
2.  The education and training of the parties
and the ability and opportunity of the
parties to secure such education and
training;
3.  The standard of living established during
the marriage;
4.  The duration of the marriage;
5.  The age and physical and mental condition
of the parties;
6.  The contributions, monetary and
nonmonetary, of each party to the well-being
of the family;
7.  The property interests of the parties,
both real and personal, tangible and
intangible;
8.  The provisions made with regard to the
marital property under § 20-107.3; and
9.  Such other factors, including the tax
consequences to each party, as are necessary

8

deciding whether to order periodic or lump sum payments, periodic payments are the preferred form." Mosley v. Mosley, 19 Va. App. 192, 197, 450 S.E.2d 161, 164 (1994). Consequently, a trial court must follow a specific statutory process and must find "special circumstances or compelling reasons" when it awards a lump sum for spousal support. Blank v. Blank, 10 Va. App. 1, 5, 389 S.E.2d 723, 725 (1990).

In contrast, the "'key to a proper award of counsel fees' is 'reasonableness under all of the circumstances.'" Cooke, 23 Va. App. at 65, 474 S.E.2d at 161 (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)). The trial court has discretion to compensate a party for costs and attorney's fees incurred as a result of the litigation. See Graves v. Graves, 4 Va. App. 326, 357 S.E.2d 554 (1987). Rather than following a statutory scheme, in determining whether to award attorney's fees the trial court considers "the circumstances of the parties," Barnes v. Barnes, 16 Va. App. 98, 106, 428 S.E.2d 294, 300 (1993), and the "equities of the entire case." Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989). When setting the amount of an award of attorney's fees, the trial court evaluates the charged fees for their reasonableness. See Cooke, 23 Va. App. 60, 474 S.E.2d 159.

---

to consider the equities between the parties."

Code § 20-107.1.

9

In the instant case, the trial court examined the required factors and awarded wife periodic spousal support. An additional award of attorney's fees as lump sum spousal support offends the statute and threatens to blur the distinction between the two types of awards. Wife's attempted end run around potential bankruptcy proceedings was improper.[5] Consequently, we hold that the trial court erred in awarding attorney's fees as an award of "lump sum spousal support."

Wife has requested attorney's fees for matters relating to this appeal. Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of additional attorney's fees and we remand for an award of further costs and counsel fees incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

For the foregoing reasons, we affirm the trial court's award of attorney's fees, reverse the award of lump sum spousal support, and remand for further proceedings consistent with this

_____

[5]It was also ineffective and probably unnecessary. "Whether a debt is a support obligation, and not dischargeable . . . is a matter of federal law. A [bankruptcy] court is not bound to accept a divorce decree's characterization of an award." Mosley v. Mosley, 19 Va. App. 192, 196, 450 S.E.2d 161, 164 (1994). Further, "[m]ost courts have classified an award of attorney's fees in a divorce judgment as a nondischargeable debt in the category of alimony, maintenance, and support under [11 U.S.C.] § 523(a)(5)." In re Silansky, 897 F.2d 743, 744 (4th Cir. 1990) (judgment for fees owed to spouse's attorney rather than directly to spouse was nonetheless a nondischargeable debt). Moreover, a discharge in bankruptcy may be "a sufficient change in circumstances to justify modification of the spousal support award." Dickson v. Dickson, 23 Va. App. 73, 77, 474 S.E.2d 165, 167 (1996).

opinion.

                                        <u>Affirmed in part,</u>
                                        <u>reversed in part,</u>
                                        <u>and remanded.</u>