COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


MOHAMUD A. SALEH
                                          MEMORANDUM OPINION*
v.    Record No. 2307-00-4                     PER CURIAM
                                            FEBRUARY 20, 2001
HUDA I. ASHOOR


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                     Alfred D. Swersky, Judge

          (Robert J. Hill, on brief), for appellant.

          (Arlene Beverly Callender; Legal Services of
          Northern Virginia, on brief), for appellee.


     Mohamud A. Saleh (husband) appeals the decision of the

circuit court awarding Huda I. Ashoor (wife) spousal support, both

periodic and lump sum.  On appeal, husband contends that the trial

court erred (1) in the amount of spousal support it awarded to

wife; (2) in the duration of the award of spousal support; and (3)

in awarding wife a lump sum payment.  Husband asks that the

judgment of the trial court as to lump sum and periodic spousal

support be reversed and remanded for further proceedings as to the

amount and duration of the support.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

Husband filed a bill of complaint for divorce on the grounds of cruelty and desertion.  Wife filed an answer and cross-bill on the ground of cruelty.  At the final hearing, the parties both proceeded on the ground of living separate and apart for one year.  The parties stipulated as to the amount of child support, custody and visitation.  The trial court was asked to rule on the issues of spousal support and equitable distribution.  The court awarded wife a lump sum payment and a periodic award of support, but no equitable distribution award.

## I.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court."  Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).  "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it."  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

-

Husband has had steady, full-time employment as a chemist since 1990. Wife, on the other hand, was unemployed and staying at home with their young child. Husband also has a considerable amount of other financial resources, including a thrift savings plan, bonds, and pension. The record demonstrates wife's need of support and husband's ability to pay.

"In setting the amount of support, the court must consider the factors listed in Code § 20-107.1, including the financial condition of the parties, the distribution of the marital estate, the tax consequences, and other factors related to the equities between the parties." Taylor v. Taylor, 27 Va. App. 209, 216-17, 497 S.E.2d 916, 919 (1998). The trial court considered the relevant factors listed in Code § 20-107.1, and we find no abuse of discretion in its award of spousal support to wife.

## II.

Because there was no "evidence that the need for support will cease within the immediate or reasonably foreseeable future," the trial court did not err in awarding the periodic payments for a period of forty-eight months. Johnson v. Johnson, 25 Va. App. 368, 376, 488 S.E.2d 659, 663 (1997). The trial court determined that the forty-eight month period was necessary for wife to be rehabilitated considering the fact that their child would not be school age for another three years. The trial court also considered the fact that wife has no work

-

experience in the United States and that she had a diminished earning capacity and a demonstrated need for support.

## III.

"The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."  Code § 20-107.1.  "Generally, when courts do make lump sum spousal awards they do so because of special circumstances or compelling reasons, such as . . . a payee spouse's immediate need for a lump sum to maintain herself or himself or satisfy debts."  Blank v. Blank, 10 Va. App. 1, 5, 389 S.E.2d 723, 725 (1990).  Since coming to this country with her husband, wife has not been employed.  Only recently did she begin to obtain some job training skills.  Wife demonstrated an immediate need for a lump sum payment in order to support herself and her child.  The trial court did not abuse its discretion in awarding the lump sum.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-