COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JERRY WAYNE CARPER
                                  MEMORANDUM OPINION*
v.   Record No. 0467-01-3              PER CURIAM
                                   SEPTEMBER 4, 2001
DEBRA ROACH CARPER


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                   John J. McGrath, Jr., Judge

          (Jerry W. Carper, pro se, on briefs).

          (H. David O'Donnell, on brief), for appellee.


     Jerry W. Carper (husband) appeals the decision of the circuit

court awarding him a no fault divorce from Debra R. Carper (wife).

On appeal, husband contends the trial court erred in (1)

determining the true value of the marital residence, (2) dividing

the marital property, (3) determining the value and ownership of

the parties' personal property, and (4) awarding spousal support

to wife.  Husband asks that the trial court's judgment be reversed

and the case remanded to determine the proper division of the

parties' property.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.[1]

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

          [1] Appellee has filed a motion to dismiss.  We deny that
motion.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties were married in August 1982. In December 1999, husband filed a bill of complaint seeking a divorce from wife. In January 2001, the trial court heard evidence on the issues of grounds of divorce, equitable distribution, permanent spousal support, and attorney's fees. On January 23, 2001, the court granted husband a divorce a vinulo matrimonii from wife pursuant to Code § 20-91(9). The court further found that the value of the marital residence was $95,000, divided the marital estate, and awarded wife spousal support of $350 per month.

## Analysis

### I.

Both parties presented evidence as to the value of the marital residence. Husband's appraisal valued the property at $116,000 and wife's at $93,700. The trial court determined that the property was worth $95,000.

"Where experts offer conflicting testimony, it is within the discretion of the trial court to select either opinion." Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997).

-

The trial court's determination that the marital residence was worth $95,000 was supported by the evidence presented. "We will not disturb the trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence." Shooltz v. Shooltz, 27 Va. App. 264, 275, 498 S.E.2d 437, 442 (1998).

## II.

The trial court noted that it considered all the statutory factors as set forth in Code § 20-107.3(E). The court listed the assets belonging to the parties and determined the value of the marital estate. The court awarded husband $45,500 in marital equity and awarded wife $59,000.

The fact that husband received less than wife from the marital estate did not amount to an abuse of discretion. The commissioner listed the factors warranting a minimum lump sum payment to wife. "The term 'equitable distribution' does not mean 'equal distribution.'" Marion v. Marion, 11 Va. App. 659, 663, 401 S.E.2d 432, 435 (1991). We cannot say the trial court abused its discretion.

## III.

Pursuant to Code § 20-107.3(A), upon decreeing a divorce, a court may

> determine the legal title as between the
> parties, and the ownership and value of all
> property, real or personal, tangible or
> intangible, of the parties and shall
> consider which of such property is separate

-

> property, which is marital property, and
> which is part separate and part marital
> property . . . .  The court shall determine
> the value of any such property as of the
> date of the evidentiary hearing on the
> evaluation issue.

The parties stipulated to the value of the personalty listed on the appraisal conducted by an independent appraiser.  Wife testified that husband purchased several expensive musical instruments and pieces of equipment during the marriage.  Husband removed these items prior to the appraisal.  The trial court found that the parties' personal property was distributed equitably and ordered that each party retain as his or her marital share of the personal property those items already in that party's possession.  "[D]ecisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994).  Although the value of wife's share was greater than that of husband's, the trial court did not abuse its discretion in its division of the marital personalty.

IV.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court."  Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).  "In fixing the amount of the spousal support award, . . . the court's ruling

-

will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it."  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

Husband works full time as a carpenter, earning $2,000 per month.  Wife, a receptionist at a nursing home, earns $1,200 per month.  Wife testified that husband discouraged her from working during their marriage.  She also explained that she has a medical disability which prevents her from performing certain types of work.  Wife explained that she struggled to make ends meet.  The record demonstrates wife's need of support and husband's ability to pay.

"In setting the amount of support, the court must consider the factors listed in Code § 20-107.1, including the financial condition of the parties, the distribution of the marital estate, the tax consequences, and other factors related to the equities between the parties."  Taylor v. Taylor, 27 Va. App. 209, 216-17, 497 S.E.2d 916, 919 (1998).  The trial court considered the relevant factors listed in Code § 20-107.1, and we find no abuse of discretion in its award of spousal support to wife.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-