CREIGHTON v. LAZELL-FRANKEL

[178 N.C. App. 227 (2006)]

—————

JAMES BERNARD CREIGHTON, Plaintiff v. CHARLOTTE KIRK LAZELL-FRANKEL, Defendant

No. COA05-980

(Filed 20 June 2006)

**Costs— attorney fees—civil contempt—child custody**

The trial court did not err by denying plaintiff father's motion for attorney fees under N.C.G.S. § 50A-312 in a case where defendant mother filed a motion in the cause to enforce a North Carolina court order including a request that plaintiff father be held in civil contempt for his plans to violate the parties' child custody provisions, because defendant mother did not seek the expedited enforcement of a child custody determination, seek to register an out-of-state order, or otherwise utilize the remedies set forth in Part 3 of the Uniform Child Custody Jurisdiction and Enforcement Act.

Appeal by Plaintiff from order entered 3 September 2004 by Judge M. Patricia Devine in Orange County District Court. Heard in the Court of Appeals 15 March 2006.

*Hayes Hofler, P.A., by R. Hayes Hofler and The Law Office of C. Connor Crook, by C. Connor Crook, for plaintiff.*

*Nancy E. Gordon, for defendant.*

*Charlotte Kirk Lazell-Frankel pro se.*

LEVINSON, Judge.

James Creighton (father) appeals from an order denying his motion for attorney's fees pursuant to N.C. Gen. Stat. § 50A-312 (2005). We affirm.

The pertinent facts may be summarized as follows: Father and Charlotte Lazell-Frankel (mother) were married on 4 February 1994 and have one child together. The parties divorced on 8 July 2002. The divorce order incorporated a 3 August 1999 separation agreement. This agreement specified the terms of custody for the minor child. The terms provided that the parties would alternate custody of the child; specifically, the parent with custody during the school year would retain custody until the end of summer camp, when the other parent would assume custody for the following school year. The divorce order also decreed that the trial court "should retain jurisdiction for the entry of further [o]rders and retain[] continuing and exclusive jurisdiction as to the issue of child custody and visitation."

On 24 June 2003 mother filed a motion in the cause to enforce the North Carolina court order, including a request that father be held in civil contempt for his plans to violate the custody provisions by failing to take the minor child to summer camp and wrongfully maintain custody of her. The 24 June 2003 motion also requested that continuing jurisdiction remain in North Carolina under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), N.C. Gen. Stat. § 50A-101, *et seq.* (2005). Mother contended that, although she was "domiciled" in West Africa for employment reasons, she was still a "resident" of North Carolina. Mother further asserted that father was "domiciled" in Tennessee. Mother's motion also alleged that father had filed a petition in Tennessee to register and modify the North Carolina custody order.

In a 14 August 2003 order, the trial court denied mother's motion. The court concluded that neither the parents nor the child retain any significant relationship with this State, and that Tennessee should assert jurisdiction because North Carolina was an "inconvenient forum" pursuant to N.C. Gen. Stat. § 50A-202(a)(1) (2005).

Following the 14 August 2003 order, father filed a motion for an award of attorney's fees, costs and expenses as a "prevailing party"

pursuant N.C. Gen. Stat. § 50A-312 (2005). In a 3 September 2004 order, the trial court denied father's motion. The court reasoned that it no longer had jurisdiction to hear the matter because it had relinquished jurisdiction to Tennessee and, further, that:

1. The scope of Part 3 of North Carolina General Statute Chapter 50A is limited to cases which address child abductions, that is, orders to return a child or orders seeking enforcement of a custody determination.

2. The Defendant's motion, which was filed in good faith, was not filed to seek return of a child or enforcement of a custody determination and therefore, did not fall under the ambit of Part 3 of North Carolina General Statute Chapter 50A. Accordingly, 50A-312 is inapposite.

From this 3 September 2004 order, father appeals, contending that the trial court erred in denying his motion for attorney's fees, costs and expenses pursuant to G.S. § 50A-312. We disagree.

G.S. § 50A-312 provides that:

The court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorneys' fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

"Questions of statutory interpretation are questions of law, which are reviewed de novo by an appellate court." *In re Proposed Assessments v. Jefferson-Pilot Life Ins. Co.*, 161 N.C. App. 558, 559, 589 S.E.2d 179, 180 (2003) (citing *Dare County Bd. of Educ. v. Sakaria*, 127 N.C. App. 585, 588, 492 S.E.2d 369, 371 (1997)).

The intent of the legislature controls the interpretation of a statute. . . . When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.

*In re Banks*, 295 N.C. 236, 239-40, 244 S.E.2d 386, 388-89 (1978) (citations omitted).

The UCCJEA provides a uniform set of jurisdictional rules and guidelines for the national enforcement of child custody orders. *See* N.C. Gen. Stat. §§ 50A-101 *et seq.* (2005). G.S. § 50A-312 is located under Part 3 of the Act, which provides for the registration and enforcement of custody determinations. The statutory definitions, which apply to Part 3 concerning Enforcement, state that a "petitioner" is "a person who seeks . . . enforcement of a child-custody determination. N.C. Gen. Stat. § 50A-301(1) (2005). A "respondent" is defined as "a person against whom a proceeding has been commenced for enforcement of an order for return of a child under . . . a child custody determination." N.C. Gen. Stat. § 50A-301(2) (2005). A "child custody determination" is defined in the definitions provision and is applicable to the entire UCCJEA Article:

> "Child-custody determination" means a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order. . . .

N.C. Gen. Stat. § 50A-102 (3) (2005).

Father contends that the trial court erroneously concluded that it had no authority to award him attorney fees and costs. He essentially argues that, even though this cause did not involve an abduction or seek the immediate return of a child, and even though it did not seek the expedited enforcement of custody orders and/or the registration of out-of-state orders, he qualifies as a "prevailing party" under G.S. § 50A-312. Father argues that mother's 24 June 2003 motion in the cause sought enforcement of the portion of a court judgment setting forth child custody arrangements for the minor child. *See* G.S. § 50A-102 (3) (defining "child custody determination"); mother qualified as a person who sought enforcement of a child custody determination pursuant to G.S. § 50A-301(1); and that he qualified as "a person against whom a proceeding [was] commenced for . . . enforcement of a child-custody determination," *see* G.S. § 50A-301(2). We disagree.

Here, mother filed a motion in the cause for contempt. She did not seek the expedited enforcement of a child custody determination; seek to register an out-of-state order; or otherwise utilize the remedies set forth in Part 3 of the UCCJEA. Consequently, Part 3 was not implicated, and the allowance set forth in G.S. § 50A-312 is inapplicable.

Affirmed.

Judges McCULLOUGH and TYSON concur.