COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Kelsey and Beales
Argued at Richmond, Virginia


ROBERT TYSZCENKO

v.      Record No. 0160-08-4

ESTHER DONATELLI, F/K/A
  ESTHER TYSZCENKO

OPINION BY
JUDGE JEAN HARRISON CLEMENTS
DECEMBER 30, 2008


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Ann Hunter Simpson, Judge Designate

Demian J. McGarry (Gwendolyn Jo M. Carlberg; The Carlberg Law
Firm, on brief), for appellant.

Catherine M. Reese (Laurie M. Crawford; Anne P. Breville; The
Law Office of Catherine M. Reese, PLC, on brief), for appellee.


Robert Tyszcenko (father) appeals from an order entered by the Circuit Court of Prince

William County (trial court) on January 2, 2008, awarding Esther Donatelli (mother) attorney's

fees in the amount of $9,595.80. On appeal, father claims the trial court erred in utilizing Code

§ 20-146.33(A) as the statutory basis for awarding mother attorney's fees. Alternatively, father

claims the trial court erred in denying him the opportunity to present evidence to show that the

award of attorney's fees was inappropriate. Additionally, both parties request an award of

appellate attorney's fees and costs. For the following reasons, we reverse the trial court's

judgment, remand for further proceedings, and deny the parties' requests for appellate attorney's

fees and costs.

## I. BACKGROUND

The parties were divorced by final decree of divorce entered by the trial court on June 1,

1999. Pursuant to that decree, mother was awarded sole legal custody and primary physical

custody of the parties' two minor children (children), and father was granted limited supervised visitation. Over the next several years, the trial court heard and resolved numerous post-divorce motions filed by the parties pertaining to visitation.

In August 2005, mother and children moved to Arizona, where they continue to reside. Although father initially sought to enjoin the relocation, in September 2005, the trial court entered a consent order reflecting the parties' agreement that mother and children were permitted to relocate to Arizona and setting forth the agreed upon schedule of visitation in Arizona and Virginia.

On September 13, 2007, mother filed a motion to change jurisdiction, asking the trial court to relinquish its jurisdiction, under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Code §§ 20-146.1 to 20-146.38, so that future custody and visitation determinations could be made by an Arizona court. In connection with that motion, mother requested an award of her attorney's fees and costs.

Thereafter, in a letter opinion dated November 30, 2007,[1] the trial court found Virginia to be "an inconvenient forum" and Arizona "a more appropriate forum." Accordingly, the trial court declined to exercise its jurisdiction in the case, pursuant to Code § 20-146.18(A).[2] The trial court's opinion, however, did not address mother's request for attorney's fees and costs.

---

[1] The Honorable LeRoy F. Millette, Jr., initially presided over mother's motion to change jurisdiction and issued the November 30, 2007 letter opinion. However, as Judge Millette noted in that letter opinion, his further involvement in the case was precluded by his November 26, 2007 appointment to this Court.

[2] Code § 20-146.18(A) provides, in substantial part, as follows:

> A court of this Commonwealth that has jurisdiction under this act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.

Hence, the case was again before the trial court on January 2, 2008, for resolution of mother's outstanding request for attorney's fees and costs, and for entry of an order consistent with the rulings in the November 30, 2007 letter opinion.[3] After submitting an affidavit of the attorney's fees she incurred in connection with her motion to change jurisdiction, mother argued she was entitled to an award of such fees under Code § 20-146.33(A)[4] because she prevailed on her motion under Code § 20-146.18 and because the requested attorney's fees were not "clearly inappropriate." Alternatively, mother argued that, in light of her inferior economic position in comparison to father's, the court could also award her attorney's fees and costs under Code §§ 20-79(b) and 20-99(5).[5]

In response, father argued that Code § 20-146.33(A) applied only to proceedings under the UCCJEA to enforce child custody determinations and, thus, could not be used to award attorney's fees to mother in connection with her motion to change jurisdiction under Code § 20-146.18. Father further argued that, if the trial court determined that Code § 20-146.33(A) was applicable, he would put on evidence to show that the requested attorney's fees and costs were "clearly inappropriate." Lastly, father argued that, despite his greater income, mother's "substantial resources" rendered any disparity in the parties' relative economic positions insignificant.

---

[3] The court also considered father's emergency motion for holiday visitation at the same proceeding.

[4] Code § 20-146.33(A) provides, in pertinent part, that "[t]he court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs [and] . . . attorney's fees . . . , unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate."

[5] Although the record is not entirely clear on the matter, father's counsel conceded during oral argument before us that mother's express reliance on Code §§ 20-79(b) and 20-99(5) at the January 2, 2008 hearing was specifically related to her request for attorney's fees and costs in connection with her motion to change jurisdiction.

Applying Code § 20-146.33(A), the trial court found there was "insufficient evidence to show that an award of attorney's fees would be clearly inappropriate" and granted mother's request for attorney's fees. The trial court then entered an order reflecting the rulings in the November 30, 2007 letter opinion and awarding mother attorney's fees in the amount of $9,595.80.

This appeal by father followed.

## II. ATTORNEY'S FEES AT THE TRIAL LEVEL

In this appeal, we are asked to review the propriety of the trial court's determination that mother, having prevailed on her motion to change jurisdiction under Code § 20-146.18, was entitled to an award of attorney's fees under Code § 20-146.33(A). Father contends, as he did below, that Code § 20-146.33(A) is inapplicable to mother's motion to change jurisdiction under Code § 20-146.18.[6] Mother contends the trial court's award of attorney's fees under Code § 20-146.33(A) was proper. Alternatively, she argues that, if we conclude Code § 20-146.33(A) is not applicable in this case, we should affirm her award of attorney's fees under Code §§ 20-79(b) and 20-99(5) or, at the very least, remand the matter to the trial court for consideration of her request for attorney's fees under those statutes. We agree with father that the trial court improperly utilized Code § 20-146.33(A) to award mother attorney's fees in connection with her Code § 20-146.18 motion, and we agree with mother that the case should be remanded to the trial court for consideration of her request for attorney's fees under Code §§ 20-79(b) and 20-99(5).

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41

---

[6] Alternatively, father contends the trial court erred in not giving him the opportunity to establish that an award of attorney's fees "would be clearly inappropriate," as required by Code § 20-146.33(A).

- 4 -

Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)).  However, "a trial court 'by definition abuses its discretion when it makes an error of law.'"  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).  "In determining whether the trial court made an error of law, we review the trial court's statutory interpretations and legal conclusions *de novo*."  Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001).

The initial question before us is whether Code § 20-146.33(A) permits an award of attorney's fees to a party who prevails under Code § 20-146.18.  To answer that question, we must first determine to what "proceedings" Code § 20-146.33(A) applies.  Mother argues the statute applies to all proceedings under the UCCJEA; father argues it applies only to those proceedings under the UCCJEA that involve the enforcement of child custody determinations.

On its face, Code § 20-146.33(A) does not expressly limit its application to any particular proceedings.  Indeed, it merely provides, in pertinent part, that "[t]he court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs [and] . . . attorney's fees . . . during the course of *the proceedings*, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate."  Code § 20-146.33(A) (emphasis added).  The statute neither defines the term "proceedings" nor otherwise indicates the extent of the statute's application.  Accordingly, we conclude that the term "proceedings" is ambiguous, see Gillespie v. Commonwealth, 272 Va. 753, 758, 636 S.E.2d 430, 432 (2006) ("Language is ambiguous if it admits of being understood in more than one way, refers to two or more things simultaneously, is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness."), and thus resort to the rules of statutory interpretation to determine its intended meaning, see Va. Dep't of Labor & Indus. v.

Westmoreland Coal Co., 233 Va. 97, 101-02, 353 S.E.2d 758, 762 (1987) ("Because the section is ambiguous, we . . . must resort to extrinsic evidence and the rules of construction to determine legislative intent . . . .").

In interpreting a statute, we endeavor "'to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006) (quoting Jones v. Rhea, 130 Va. 345, 372, 107 S.E. 814, 823 (1921)). "'Statutes which have the same general or common purpose or are parts of the same general plan are . . . ordinarily considered as in pari materia.'" Lucy v. County of Albemarle, 258 Va. 118, 129, 516 S.E.2d 480, 485 (1999) (emphasis omitted) (quoting Prillaman v. Commonwealth, 199 Va. 401, 405, 100 S.E.2d 4, 7 (1957)).

> Under the rule of statutory construction of statutes in pari materia, statutes are not to be considered as isolated fragments of law. . . . [T]hey should be so construed as to harmonize the general tenor or purport of the system and make the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness.

Alston v. Commonwealth, 274 Va. 759, 769, 652 S.E.2d 456, 462 (2007) (quoting Prillaman, 199 Va. at 405, 100 S.E.2d at 7). Moreover,

> [t]he rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd. On the contrary, it is well established that every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed.

Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984).

Mindful of these principles, we note that Code § 20-146.33(A) is not the only statute in the UCCJEA that permits a court to award attorney's fees and other costs to a prevailing party. Code § 20-146.19(C) provides, in pertinent part, as follows:

> If a court dismisses a petition or stays a proceeding because it declines to exercise its jurisdiction [on the ground that the person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court] shall assess against the party seeking to invoke its jurisdiction necessary and reasonable expenses including costs [and] . . . attorney's fees . . . during the course of the proceedings, unless the party from whom fees are sought establishes that the assessment would be clearly inappropriate.

Plainly, if Code § 20-146.33(A) applies to all proceedings under the UCCJEA, as mother asserts, a separate statute would not be needed to address the award of attorney's fees under the circumstances described in Code § 20-146.19(C). Indeed, to adopt mother's position that Code § 20-146.33(A) applies to all proceedings under the UCCJEA would render the provisions of Code § 20-146.19(C) superfluous.

Accordingly, we reject that position. See Yamaha Motor Corp. v. Quillian, 264 Va. 656, 667, 571 S.E.2d 122, 127-28 (2002) (rejecting an asserted interpretation that would render the provisions of a part of the statute superfluous); Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990) ("We will not construe legislative action in a manner that would ascribe to the General Assembly a futile gesture.").

The question remains, however, whether Code § 20-146.33(A) applies solely to enforcement-related proceedings, as father asserts. We hold that it does.

While a statute's placement in a particular part of the Code may generally not be considered when the language of the statute is clear and unambiguous, HCA Health Servs. of Virginia, Inc. v. Levin, 260 Va. 215, 220-21, 530 S.E.2d 417, 420 (2000), such a factor may be taken into account when the intended meaning of the language is not otherwise clear, see Lewis v. House, 232 Va. 28, 31, 348 S.E.2d 217, 219 (1986) (construing a word's intended meaning based on its placement in a particular section of the Code); cf. Shivaee v. Commonwealth, 270 Va. 112, 125, 613 S.E.2d 570, 577 (2005) (determining that the Sexually Violent Predators Act "was codified by the General Assembly as a civil statute, as indicated by its placement in Title 37"). Here, Code § 20-146.33(A)

is in Article 3 of the UCCJEA, and Code § 20-146.18, the statute implicated by mother's motion for change of jurisdiction, is in Article 2. The UCCJEA comprises four articles. Article 1 sets forth definitions and other general provisions. Article 2 defines the circumstances in which the trial court may exercise jurisdiction concerning child custody determinations. Article 3 establishes the procedures for the enforcement of child custody determinations. Article 4 consists of miscellaneous provisions.

Specifically, Article 3 is entitled "Enforcement" and requires the courts of this Commonwealth to "recognize and enforce" appropriate child custody determinations of the courts of other states, Code §§ 20-146.24(A) and 20-146.27(B), and to order, "upon a finding that a petitioner is entitled to immediate physical custody of the child," that "the petitioner may take immediate physical custody of the child," Code § 20-146.31(A). Article 3 also addresses the mechanisms by which child custody determinations may be enforced, as well as other aspects of enforcement proceedings under the UCCJEA. See, e.g., Code § 20-146.23 (permitting Virginia courts to "enforce an order for the return of the child made under the Hague Convention"); Code § 20-146.24(B) (permitting Virginia courts to "utilize any remedy available under other law of this Commonwealth to enforce a child custody determination made by a court of another state); Code § 20-146.25 (permitting Virginia courts to "issue a temporary order" enforcing the visitation provisions of a child custody determination of another state); Code § 20-146.27(A) (permitting Virginia courts to "grant any relief normally available under the law of this Commonwealth to enforce a registered child custody determination made by a court of another state"); Code § 20-146.32 (permitting Virginia courts, upon a finding "that the child is imminently likely to suffer serious physical harm or be removed from this Commonwealth," to "issue an ex parte order to take immediate physical custody of the child"). In addition, the definitions set forth at the beginning of Article 3 characterize the parties implicating its

mechanisms as parties seeking enforcement remedies or defending against those remedies. See Code § 20-146.22 ("'Petitioner' means a person who seeks . . . enforcement of a child custody determination. 'Respondent' means a person against whom a proceeding has been commenced for . . . enforcement of a child custody determination."). Thus, Article 3 applies when a party's allegedly bad conduct compels another party to invoke the jurisdiction of a Virginia court to enforce a child custody determination or to protect the child from imminent harm or removal from Virginia. Such a focus on bad conduct befits the prevailing-party standard used in Code § 20-146.33(A). We conclude, therefore, that, by placing Code § 20-146.33(A) in Article 3 and using a prevailing-party standard rather than one based on equitable determinations, the legislature intended to confine Code § 20-146.33(A)'s application to the enforcement-related proceedings set forth in Article 3 of the UCCJEA.

This conclusion is buttressed by Code § 20-146.19(C)'s similar focus, in authorizing an award of attorney's fees to the prevailing party, on the improper conduct of a party. As previously discussed, that statute, which is in Article 2 of the UCCJEA, provides that, when the trial court declines to exercise its jurisdiction due to a party's unjustifiable conduct in attempting to obtain that jurisdiction, the other party is presumptively entitled to an award of attorney's fees and costs. Code § 20-146.19(C). Thus, like Code § 20-146.33(A), Code § 20-146.19(C) is intended to compensate the prevailing party for the fees and costs incurred as a result of the other party's bad conduct, albeit with regard to the matter of jurisdiction rather than enforcement of child custody determinations. Given that Code §§ 20-146.33(A) and 20-146.19(C) are the only statutes in the UCCJEA that provide for a presumptive entitlement to attorney's fees, it is clear that the legislature did not intend to require an award of attorney's fees in non-enforcement and non-Code § 20-146.19 proceedings.

In the instant case, mother sought only a change of jurisdiction pursuant to Code § 20-146.18, which is located in Article 2 of the UCCJEA. Neither party sought to enforce a child custody determination or challenge the other party's allegedly improper invocation of jurisdiction. Code § 20-146.18 permits a trial court to decline to exercise its jurisdiction "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Unlike Code §§ 20-146.33(A) and 20-146.19(C), Code § 20-146.18 does not contemplate a circumstance where a party's conduct forces another party to pursue enforcement of a child custody determination or where a party is forced to defend against a party who has invoked the trial court's jurisdiction by unjustifiable conduct. Rather, Code § 20-146.18 merely allows a court, "upon the motion of a party, the court's own motion, or request of another court," to decline to exercise its jurisdiction if it finds another state's court is a more convenient forum. To make that determination, the court must neutrally consider and weigh all factors relevant to assessing which court is in the better position to make future custody determinations. See Code § 20-146.18(B). If the trial court declines to exercise its jurisdiction, the statute does not expressly authorize an award of attorney's fees to the prevailing party. In fact, the statute makes no mention of attorney's fees.

"We may not by interpretation, 'add to a statute language which the legislature has chosen not to include.'" Chauncey F. Hutter, Inc. v. Virginia Employment Comm'n, 50 Va. App. 590, 598, 652 S.E.2d 151, 155 (2007) (quoting County of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1982)). Accordingly, we conclude that the authority provided by Code § 20-146.33(A) to award attorney's fees to the prevailing party is inapplicable to mother's motion to change jurisdiction under Code § 20-146.18.[7] Consequently,

---

[7] Our conclusion that mother's interpretation of the statute was not intended by the legislature is also buttressed by the fact that a similar resolution was reached by the court of a sister state in considering that state's counterparts to Article 3 and Code § 20-146.33(A). See

the trial court erred in applying Code § 20-146.33(A) in this case to award attorney's fees to mother.[8]

Having determined that Code § 20-146.33(A) constituted an erroneous statutory basis for the trial court's award of attorney's fees to mother, we turn to mother's claim that we should apply Code §§ 20-79(b) and 20-99(5) to affirm the same award.[9] Essentially, mother is asking us to conclude that, in awarding mother attorney's fees in the amount of $9,595.80, the trial court reached the right result, albeit for the wrong reason. See Harris v. Commonwealth, 39 Va. App. 670, 676, 576 S.E.2d 228, 231 (2003) (en banc) ("'An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason.'" (quoting Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992))).

In Virginia, Code §§ 20-79(b) and 20-99(5) provide the statutory basis for the broad discretionary authority circuit courts have to award attorney's fees and other costs as the equities

_____

Creighton v. Lazell-Frankel, 630 S.E.2d 738, 741 (N.C. Ct. App. 2006) (concluding that the mother's request that the father be held in contempt for his plans to violate child custody provisions did not constitute an "enforcement" under Part 3 of the UCCJEA and, therefore, did not permit an award of attorney's fees pursuant to N.C. Gen. Stat. § 50A-312 (2005)). As expressly mandated by the UCCJEA, the Act's provisions "shall be construed" in a manner to "[m]ake uniform the law of those states that enact it." Code § 20-146.38(A)(9).

[8] In light of this resolution, we need not address father's alternative contention that the trial court erred, under Code § 20-146.33(A), in not allowing him to present evidence to show that an award of the requested attorney's fees was "clearly inappropriate."

[9] Code § 20-79(b) provides, in pertinent part, as follows:

> In any suit for divorce, the court in which the suit is instituted or pending, when either party to the proceedings so requests, shall provide in its decree for the maintenance, support, care or custody of the child or children . . . , support and maintenance for the spouse . . . , and counsel fees and other costs, if in the judgment of the court any or all of the foregoing should be so decreed.

Code § 20-99(5) provides that "[c]osts may be awarded to either party as equity and justice may require."

of a divorce case and its ancillary proceedings may require. Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976); Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993); Kaufman v. Kaufman, 7 Va. App. 488, 500, 375 S.E.2d 374, 380 (1988); D'Auria v. D'Auria, 1 Va. App. 455, 461, 340 S.E.2d 164, 167 (1986). This discretionary authority also extends to related post-divorce proceedings, see Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988) (citing D'Auria in affirming the trial judge's award of attorney's fees and costs in connection with a post-divorce award of spousal support), including those involving child custody-related determinations, see Kane, 41 Va. App. at 375-76, 585 S.E.2d at 354-55 (citing Verrocchio in affirming the trial judge's denial of attorney's fees and award of other costs in a post-divorce child custody proceeding).

Because a court's decision under Code § 20-146.18 whether to decline to exercise its jurisdiction necessarily concerns child custody matters, see Code § 20-146.18(A) (providing that a Virginia court with jurisdiction "to make a *child custody determination* may decline to exercise its jurisdiction . . . if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum" (emphasis added)), we hold that the discretionary authority to award attorney's fees and costs pursuant to Code §§ 20-79(b) and 20-99(5) extends to proceedings under Code § 20-146.18. Thus, the trial court had the authority in this case to award mother attorney's fees under Code §§ 20-79(b) and 20-99(5).

However, we may not employ the "right result, wrong reason" rule to affirm the judgment of the trial court "'where, because the trial court has . . . confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision.'" Harris, 39 Va. App. at 676, 576 S.E.2d at 231 (quoting Driscoll, 14 Va. App. at 452, 417 S.E.2d at 313).

In this case, the trial court based its decision to award attorney's fees solely on Code § 20-146.33(A). Under that statute, "[t]he court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs [and] . . . attorney's fees . . . , unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate." Thus, as previously mentioned, the prevailing party has a presumptive right to fees. Hence, in determining whether to award mother the reasonable and necessary attorney's fees she incurred in connection with her motion to change custody, the trial court merely had to, and did, find that there was no showing that an award of such fees was clearly inappropriate. Indeed, the court made no other express findings in connection with mother's request for attorney's fees.

In contrast, there is no prevailing-party entitlement to fees under Code §§ 20-79(b) and 20-99(5). Instead, the trial court, in the exercise of its discretion, may award attorney's fees and costs to "either party as equity and justice may require." Code § 20-99(5); see Taylor v. Taylor, 27 Va. App. 209, 217, 497 S.E.2d 916, 919 (1998) ("The trial court has discretion to compensate a party for costs and attorney's fees incurred as a result of the litigation."). Indeed, "[r]ather than following a statutory scheme, in determining whether to award attorney's fees the trial court considers 'the circumstances of the parties,' Barnes v. Barnes, 16 Va. App. 98, 106, 428 S.E.2d 294, 300 (1993), and the 'equities of the entire case[,]' Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989)." Taylor, 27 Va. App. at 217, 497 S.E.2d at 919-20. "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

In confining its decision in this case to consideration of whether attorney's fees were warranted under the prevailing-party standard in Code § 20-146.33(A), the trial court clearly did not consider all the circumstances of the parties or the equities of the case. Hence, further factual

- 13 -

resolution is required before it may be properly determined that an award of attorney's fees to mother is warranted under the equitable standard set forth in Code §§ 20-79(b) and 20-99(5).

Accordingly, we reject mother's invitation to employ the right result, wrong reason rule to affirm the trial court's award of attorney's fees to mother. Instead, we remand the case to the trial court for consideration, on the record,[10] of mother's request for attorney's fees under Code §§ 20-79(b) and 20-99(5).[11]

## III. APPELLATE ATTORNEY'S FEES AND COSTS

Both parties request an award of the attorney's fees and costs they incurred in connection with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

---

[10] Because mother's request for an award of attorney's fees under Code §§ 20-79(b) and 20-99(5) was fully before the trial court at the January 2, 2008 hearing, and because both parties had the opportunity to, and did in fact, proffer evidence and present argument to the court on that motion, and because neither party expressed to the court the need or desire to present any additional evidence or argument in order to complete their presentations on that motion, we conclude it would be inappropriate to permit the parties to introduce additional evidence on remand and, thus, relitigate a matter already litigated. See Antonelli v. Antonelli, 242 Va. 152, 155, 409 S.E.2d 117, 119 (1991) (noting that this Court's remand to the circuit court improperly "afford[ed] the father another opportunity to prove what he failed to prove in the first instance"); id. at 157, 409 S.E.2d at 120 (Whiting, J., dissenting) (finding the remand proper because "nothing in [this] Court's opinion . . . authorize[d] the [parties] to introduce any additional evidence" on remand).

[11] Father's counsel asserted at oral argument that mother's failure to note an objection on the January 2, 2008 order "to the fees being awarded under" Code § 20-146.33(A), rather than Code §§ 20-79(b) and 20-99(5), precludes us from remanding this case to the trial court for consideration of mother's request for attorney's fees under Code §§ 20-79(b) and 20-99(5). Father offered, and we are aware of, no authority that supports his position. Suffice it to say, requiring the *prevailing* party to object to the trial court's choice of one asserted ground for awarding the requested relief over another does not comport with our sense of logic and reason.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Upon consideration of the record, we find "the litigation addressed appropriate and substantial issues and that neither party generated unnecessary delay or expense in pursuit of its interests."  Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004).  Accordingly, we deny the parties' requests for an award of appellate attorney's fees and costs.

IV.  CONCLUSION

For these reasons, we reverse the trial court's award of attorney's fees to mother under Code § 20-146.33(A), we remand the case to the trial court for further proceedings consistent with this opinion, and we deny the parties' requests for appellate attorney's fees and costs.

Reversed and remanded.