Filed 3/28/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| N.S., | D071305 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. D555174) |
| D.M., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County,

Margo L. Lewis, Judge. Reversed and remanded with directions.

Alexandra Krakovsky for Appellant.

D.M., in pro. per., for Respondent.

In this complex custody proceeding involving two states and three different

venues, N.S. (Mother) appeals the denial of her motion to recover attorney's fees, travel

expenses, and childcare costs from D.M. (Father) associated with the parties' litigation in

Santa Clara County and Illinois. She claims she incurred expenses in both places to

challenge Father's Illinois petitions and return the custody case to Santa Clara County,

where the initial custody determination was made. On appeal, she argues the trial court

erred in denying expenses under Family Code sections 7605, subdivision (a) and section 3452, subdivision (a).[1]  As we explain, Mother is not entitled to recover expenses under section 3452, but she may seek a need-based fee and cost award under section 7605.  We therefore vacate the order and remand for the trial court to consider her request under that statute.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Mother and Father were never married and are the parents of two minor children. They separated and in September 2012 filed a Stipulation and Order for Custody and/or Visitation of Children in Santa Clara County agreeing to joint legal and physical custody with the children residing primarily with Mother.  The Santa Clara court entered a judgment of parentage the same day that contains no additional custody or visitation orders.

Mother and Father reconciled by early 2013 and moved with their children to Illinois.  They separated again later that year but continued to share parenting time.

---

[1]     Further statutory references are to the Family Code unless otherwise indicated.

[2]     Father filed a motion to augment the record, which we denied under rule 8.155(a)(1) of the California Rules of Court.  Mother filed separate augmentation motions on September 8, 2017, November 27, 2017, and December 8, 2017.  We granted her first request solely as to the trial court's May 2016 ruling on custody and stated we would consider the remainder of her requests concurrently with the appeal.  Father has not objected, although some of the materials Mother submits appear incomplete or irrelevant. Rather than parse her requests page by page, we will grant her pending motions.  We rely on court filings from Illinois and Santa Clara County contained within those motions solely to provide relevant background and necessary context.

In May 2014, Mother relocated to San Diego with the children. Father filed a petition in Kane County, Illinois on June 6, 2014 to enforce the California custody order and return the children to Illinois. He filed a separate petition that same day seeking to modify custody on the basis that Illinois had become the children's home state. Mother hired Illinois counsel and moved to dismiss and/or quash service, arguing Santa Clara County retained exclusive jurisdiction to modify custody. She also filed a motion in Santa Clara County to transfer venue to San Diego.

After a telephonic conference between the Illinois and Santa Clara County courts, both courts concluded that California maintained exclusive jurisdiction over custody under the UCCJEA (Uniform Child Custody Jurisdiction and Enforcement Act). The Illinois court denied both of Father's petitions on October 6, 2014, and Santa Clara County assumed exclusive jurisdiction three weeks later.

In January 2015, Mother filed a motion for reimbursement of certain expenses, which the court denied pending a hearing. Venue was transferred to San Diego County in February 2015. The record does not indicate whether Santa Clara County considered Mother's expense request before the transfer.

Father filed a motion to modify custody and visitation and relocate the children to Illinois. On May 20, 2016, the San Diego County Superior Court awarded Mother sole legal and primary physical custody and ordered Father to undertake conjoint counseling.

On June 3, 2016, nearly 20 months after dismissal of the Illinois action, Mother filed a request for order in San Diego seeking fees and costs associated with the 2014 litigation in both Illinois and Santa Clara. Specifically, she identified travel expenses to

3

Santa Clara, California attorney consultation fees, Illinois attorney's fees, court-related childcare expenses, and court costs. She also sought to recover her moving expenses to relocate from Illinois to California. Mother's points and authorities consisted in its entirety of four statutes pertaining to attorney's fees and costs in various family law contexts. (§§ 2030, subd. (a)(1), 3452, subd. (a), 271, subd. (a), 4900 et seq.) She filed a later document in "reply" adding section 7605, subdivision (a) to the list.

The court held a hearing in September 2016 and denied Mother's motion. It analyzed Mother's Santa Clara requests under section 7605 and found that statute only allowed Mother to recoup *attorney's fees*, not childcare or travel expenses. Because Mother was self-represented throughout the Santa Clara proceedings, it held she could not seek reimbursement of attorney's fees. As to her request for fees in Illinois, the court determined venue was improper because "this is not the appropriate place to . . . seek attorney's fees from a case that was heard in Illinois."

## DISCUSSION

"Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees." (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) This default rule can be modified by contract, statute, or rule. (*Travelers Cas. & Sur. Co. of Am. v. PG&E* (2007) 549 U.S. 443, 448.) Mother seeks to recover the expenses related to 2014 litigation in Santa Clara and Illinois based on two Family Code

4

provisions, section 7605, subdivision (a) and section 3452, subdivision (a).[3] As we explain, the trial court properly denied Mother's request for expenses under section 3452 but failed to exercise its discretion to fully consider her need-based fee and cost request under section 7605.

1. *Mother is not entitled to expenses under section 3452, subdivision (a)*

In her request for order, Mother cited section 3452, subdivision (a), the statute pertaining to the UCCJEA (§ 3400 et seq.). Section 3452 provides, in relevant part,

> "The court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney's fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate." (§ 3452, subd. (a).)

Mother urges that section 3542 entitled her to recover various attorney's fees and expenses she incurred after Father initiated proceedings in Illinois. As we explain, however, Mother is not entitled to recover under this section because she was not a prevailing party in a UCCJEA enforcement proceeding within the meaning of that statute.

The interpretation of a statute is a legal issue, which we review de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 800.) " 'We begin with the fundamental rule that our primary task is to determine the lawmakers' intent.' " (*In re B.A.* (2006) 141 Cal.App.4th 1411, 1418.) "Where the language of the statute is clear and unambiguous,

---

[3] Although her trial court motion included other statutes, they are not referenced on appeal.

5

we follow the plain meaning of the statute and need not examine other indicia of legislative intent." (*In re J.P.* (2014) 229 Cal.App.4th 108, 123.) Where appropriate, we turn to legislative history as an extrinsic aid to evaluate legislative intent. (*In re J.W.* (2002) 29 Cal.4th 200, 210.)

The UCCJEA is a uniform act that serves to avoid jurisdictional conflict and promote interstate cooperation by litigating custody where the child and family have the closest connections. (*In re M.M.* (2015) 240 Cal.App.4th 703, 715.) California and Illinois have both adopted the UCCJEA. (§ 3400 et seq.; 750 Ill. Comp. Stats. Ann. 36/101 et seq.) The act is divided into four chapters. The first contains definitions and general provisions (§§ 3400−3412), and the last contains miscellaneous provisions (§§ 3461−3465). Chapters 2 and 3 contain the core substantive provisions. We explore these chapters in some detail to explain why Mother is not entitled to recover expenses under section 3452.

Chapter 2 of the UCCJEA is titled "Jurisdiction" and defines the circumstances in which a trial court has *jurisdiction* to make a child custody determination. (§§ 3421−3430.) Once a state makes an initial child custody determination (§ 3421), it retains exclusive continuing jurisdiction over custody matters until it no longer has a significant connection with the parties or all parties move outside the state. (§ 3422, subd. (a).) Other sections in Chapter 2 explain when a court may modify another state's custody order (§ 3423), assume temporary emergency jurisdiction (§ 3424), and decline to exercise jurisdiction on the grounds of inconvenient forum or unjustifiable conduct by a party (§§ 3427−3428).

Chapter 3 is titled "Enforcement" and deals with *enforcement* of out-of-state custody orders. (§§ 3441–3457.) Before the UCCJEA, there was no uniform procedure to enforce a valid custody order issued in another state. (9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction Act, Prefatory Note.) This lack of uniformity led to inconsistent results and allowed one parent to stall enforcement proceedings for months or even years. (*Ibid.*) A major purpose behind the UCCJEA was to create a uniform method for enforcement across states. (*Ibid.*)

The UCCJEA creates two basic enforcement methods. First, a party can file a petition to *register* an out-of-state custody order. (§ 3445, subd. (a).) Once it receives the paperwork, the court registers the out-of-state order and notifies the parties that unless a hearing is requested in 20 days, registration will be confirmed and further contest precluded. (§ 3445, subds. (b), (c), (e).) If a hearing is requested, the court must confirm registration unless the objecting parent can establish that the issuing court lacked jurisdiction; a court of competent jurisdiction has vacated, stayed, or modified the order; or the order was obtained without proper notice. (§ 3445, subd. (d)(1)–(3).) Once registered and confirmed, an out-of-state custody order must be enforced and may not be modified except as allowed under Chapter 2. (§ 3446, subd. (b).) The commentary to the UCCJEA explains that the registration and confirmation process "will allow a party to know in advance whether the State will recognize the party's custody determination. This is extremely important in estimating the risk of the child's non-return when the child is sent on visitation." (9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction Act, Prefatory Note.)

7

As an alternative to advance registration, the UCCJEA provides an expedited

enforcement method "along the lines of habeas corpus."  (9 pt. 1A West's U. Laws Ann.

(1999) U. Child Custody Jurisdiction Act, Prefatory Note.)  A party seeking swift

enforcement without going through the registration process can file a verified "petition

for enforcement of a child custody determination" enclosing the order sought to be

enforced.  (§ 3448, subds. (a)–(b).)  The court schedules a hearing "the next judicial day."

(§ 3448, subd. (c).)  If it finds the petitioner entitled to immediate physical custody, the

court must order return of the child plus expenses under section 3452 *unless* the

respondent appears and establishes that the issuing court lacked jurisdiction; the

respondent did not receive proper notice; and the order has been vacated, stayed, or

modified by a court with jurisdiction.  (§ 3448, subd. (d)(1).)[4]  As the official

commentary to the uniform act explains,

> "The scope of the enforcing court's inquiry [at the expedited
> enforcement hearing] is limited to the issue of whether the decree
> court had jurisdiction and complied with due process in rendering
> the original custody decree.  No further inquiry is necessary because
> neither [Chapter] 2 nor the [federal Parental Kidnaping Prevention
> Act] allows an enforcing court to modify a custody determination."
> (9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction
> Act, Prefatory Note.)

In this case, Father filed two separate petitions in Illinois.  The first was a "Petition

to Enroll Foreign Judgment" that asked the Kane County court to "enroll" the 2012

---

4      The uniform act frames these three defenses in the alternative.  (9 pt. 1A West's U.
Laws Ann. (1999) U. Child Custody Jurisdiction Act, § 308.)  It is not clear whether any
divergence under California law is intended.

California custody order as a judgment of the court. Although "enrollment" is not a concept defined in the UCCJEA, we view Father's petition as a request to register the California order. On the same day, Father also filed a petition to modify custody, stating the children had resided in Illinois for 19 months before Mother's recent move to California. Mother moved to dismiss and/or to quash service of these petitions on the ground California retained continuing exclusive jurisdiction. After conferencing with the Santa Clara court, the Illinois court denied Father's petitions and rejected jurisdiction.

Mother argues she had to retain an Illinois attorney to respond to motions filed in a court "that never had jurisdiction over the case." She seeks expenses in connection with proceedings in Illinois and Santa Clara County. She claims to have incurred attorney's fees and related expenses in both jurisdictions to challenge Father's petitions in Kane County, Illinois and return the custody matter to Santa Clara County, where the initial custody determination was made. As we explain, Mother cannot recover these expenses under section 3452 because Father's attempt to modify the custody order implicated the *jurisdiction* provisions—and not the *enforcement* provisions—of the UCCJEA. Section 3452 only allows recovery of expenses in UCCJEA enforcement proceedings. Moreover, to the extent Father brought an enforcement proceeding in Illinois, Mother was not the prevailing party within the meaning of the statute.

The UCCJEA contains three separate statutory provisions for the recovery of expenses. Two are in Chapter 2 (Jurisdiction), and one is in Chapter 3 (Enforcement). A state that has jurisdiction but declines it on the basis it is an inconvenient forum may

9

award expenses under section 3427, subdivision (e).[5] Likewise, a state that has jurisdiction but declines it due to unjustifiable conduct by a party must award "necessary and reasonable expenses" unless the award would be "clearly inappropriate." (§ 3428, subd. (c).) Neither of these provisions apply here because both require that the relevant court had jurisdiction to make a child custody determination but *declined* jurisdiction. (§§ 3427, subd. (a), 3428, subd. (a).) Illinois did not have jurisdiction to make a child custody determination because of California's "exclusive, continuing jurisdiction." (§ 3422, subd. (a).)

The third expense provision lies in Chapter 3—section 3452, subdivision (a). It requires the court to award "necessary and reasonable expenses" to the "prevailing party" unless the other party "establishes that the award would be clearly inappropriate." (§ 3452, subd. (a).) On its face, this statute does not expressly limit its application to any particular proceeding. But it cannot apply to *all* proceedings under the UCCJEA, as that would render Chapter 2's separate expense provisions superfluous. (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1207 ["interpretations which render any part of a statute superfluous are to be avoided"].) Section 3452 is cross-referenced in only one place, the statute detailing expedited enforcement procedures under the UCCJEA. (§ 3448, subd. (d).) The structure of the statute indicates that section 3452 applies only to enforcement proceedings under Chapter 3.

---

[5] This provision is unique to California and is not found in the uniform act. (9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction Act, § 207.)

10

"Title or chapter headings are unofficial and do not alter the explicit scope, meaning, or intent of a statute." (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 602.) Nevertheless, the words of a statute must be construed in context and statutory provisions relating to the same subject should be harmonized, both internally and with each other. (*Walnut Creek Manor v. Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.) The only reasonable construction of section 3452, subdivision (a) is that the provision applies solely to *enforcement* proceedings under Chapter 3 and not to *jurisdictional* proceedings under Chapter 2. In other words, a party who prevails in custody modification proceedings under Chapter 2 cannot recover expenses under section 3452.

Courts in other jurisdictions have reached the same conclusion based on the structure of the statutory scheme. (*Creighton v. Lazell-Frankel* (N.C. 2006) 630 S.E.2d 738, 741 [N.C. Gen. Stats. § 50A–312(a) applies solely to *enforcement* proceedings under Chapter 3]; *Tyszcenko v. Donatelli* (Va. 2008) 670 S.E.2d 49, 54 [Va. Code Ann. § 20–146.33(A) "applies solely to enforcement-related proceedings"]; *Delgado v. Combs* (Ga. 2012) 724 S.E.2d 436, 445 [Ga. Code Ann. § 19–9–92 applies only in enforcement proceedings].) Given "the need to promote uniformity of the [UCCJEA] with respect to its subject matter among states that enact it" (§ 3461), we likewise hold that section 3452 applies only to the prevailing party in an enforcement proceeding.

Accordingly, Mother cannot rely on section 3452 to recover expenses she incurred to oppose Father's Illinois modification petition, which appears to have been at the center of the parties' dispute. Father's modification petition was brought under (the Illinois variant of) section 3423, which deals with a court's jurisdiction to modify an existing

11

custody order. Mother defeated the modification petition by correctly arguing that California had exclusive continuing jurisdiction to make a child custody determination. The statutory provisions governing modification and continuing jurisdiction are both contained in Chapter 2, outside the UCCJEA's enforcement chapter. (§§ 3422–3423.) Therefore, section 3452 is inapplicable.

Father's "Petition to Enroll" presents a different issue. Because section 3452 is a prevailing party expense provision, it would presumably authorize attorney's fees and expenses for a responding party who successfully resisted the petitioning parent's attempt to enforce an out-of-state custody order. Although Father's "Petition to Enroll" did seek to recognize and enforce an out-of-state custody order, Mother in no way challenged the validity of that (California) order. Indeed, the California order was the basis for her argument that California retained exclusive continuing jurisdiction. So although we lack an adequate record to determine the exact basis for the Illinois court's denial of Father's

petitions, we can confidently say that Mother was not a prevailing respondent in an enforcement proceeding within the meaning of section 3452.[6]

2.      *Mother may be entitled to fees and costs under section 7605, subdivision (a)*

Mother argues that the trial court erroneously denied her request for a need-based fee and cost award under section 7605, subdivision (a). Applying that statute, the court found her ineligible for California fees as a self-represented litigant and deemed venue improper as to her request for Illinois attorney's fees. Section 7605, subdivision (a) provides:

---

[6]      We are not required to decide under what circumstances a prevailing *respondent* could ever recover expenses under section 3452, although the legislative history raises certain conceptual questions. The statute derives from a federal scheme dealing with the International Child Abduction Remedies Act (ICARA; 22 U.S.C. § 9001 et seq.). (9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction Act, com. to § 312, p. 700.) ICARA sets forth a procedure to seek the return of a child who has been wrongfully abducted or retained, and it contains a *one-way* fee shifting provision awarding expenses to a prevailing *petitioner* when a court orders a child returned. (22 U.S.C. §§ 9003, 9007, subd. (b)(3); *White v. White* (E.D.Va. 2012) 893 F.Supp.2d 755, 758.) "The sparse legislative history of the [federal] provision reveals it was 'intended to provide an additional deterrent to wrongful international child removals and retentions.' " (*Souratgar v. Lee Jen Fair* (2d Cir. 2016) 818 F.3d 72, 80.) The UCCJEA departs from ICARA in adopting a *two-way* expense provision to the "prevailing party." (§ 3452.) Nevertheless, the UCCJEA's only illustration of that provision envisions granting expenses to a prevailing *petitioner* in an expedited enforcement proceeding. (§ 3448, subd. (d).)

In the typical scenario, expenses may be warranted when a parent is forced to travel to another state to enforce a valid order governing custody or visitation. The types of expenses listed in the statute—child care, investigative fees, travel expenses—envision this scenario. An award of expenses to the prevailing petitioner achieves the same purpose as it would under ICARA, to deter wrongful child removals and retentions and ensure compliance with existing child custody orders. One can question whether the same purposes are achieved by awarding expenses to a prevailing *respondent* in a UCCJEA enforcement action.

13

"In any proceeding to establish physical or legal custody of a child or a visitation order under this part, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a government entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

A court must order a need-based fee and cost award "if necessary" based on the parties' income and needs assessments, to the extent such fees and costs are "reasonably necessary" to maintain or defend the proceeding. "When a request for attorney's fees and costs is made under [§ 7605, subd. (a)], the court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 7605, subd. (b).)

Section 7605 allows fee shifting in both an *initial* proceeding to establish custody or visitation under the Uniform Parentage Act (UPA, § 7600 et seq.) and in "any proceeding subsequent to entry of a related judgment." (§ 7605, subd. (a).) Although the parties stipulated to paternity in 2012, subsequent proceedings on custody, visitation, and support are considered part of an action under the UPA for purposes of a fee request. (*Robert J. v. Catherine D.* (2005) 134 Cal.App.4th 1392, 1399−1400 & fn. 5 [applying § 7640].)

14

Because there is little case authority interpreting section 7605, we look to a "virtually identical" statute that applies in dissolution cases, section 2030. (*Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 640, 643−644 [standards for fee awards in a dissolution proceeding are relevant to section 7605] (*Kevin Q.*).) The aim of both statutes "is *not* the redistribution of money from the greater income party to the lesser income party" but instead "*parity:* a fair hearing with two sides equally represented." (*Alan S., Jr. v. Superior Court* (2009) 172 Cal.App.4th 238, 251 (*Alan S.*).) "The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength." (*Ibid.*)

We review a denial of fees under section 7605 for abuse of discretion but apply de novo review to questions of statutory interpretation. (*Kevin Q., supra,* 195 Cal.App.4th at p. 642.) Section 7605 only allows fee-shifting of attorney's fees and costs. (§ 7605, subd. (a).) Therefore, the trial court properly found that Mother could not seek to recover child care, travel, relocation, or other expenses identified in her motion under the statute. We therefore limit our inquiry to the trial court's denial of her request to recover $500 in California attorney consultation fees, $12,457.83 in Illinois attorney's fees, and $446.21 in costs.

A party requesting attorney's fees and costs under section 7605 must comply with California Rules of Court, rule 5.427(b)(1). Mother submitted a current income and expense declaration as required under the rule. (Cal. Rules Court, rule 5.427(d)(1) [" 'Current' is defined as being completed within the past three months, provided that no facts have changed"].) But she did not submit a form FL–319 (Request for Attorney's

15

Fees and Costs Attachment) or FL–158 (Supporting Declaration for Attorney's Fees and Costs), and the documents she filed did not otherwise include all the information requested in those forms. These deficiencies are particularly acute as to the California attorney consultation fees and costs.[7] In seeking consultation fees, Mother did not "provide the court with sufficient information about the attorney's hourly billing rate; the nature of the litigation; the attorney's experience in the particular type of work demanded; the fees and costs incurred or anticipated; and why the requested fees and costs are just, necessary, and reasonable." (Cal. Rules of Court, rule 5.427(b)(2).) As to the Illinois attorney's fees, Mother at least provided billing records that contain hourly billing rates and specify tasks counsel performed.

The trial court implicitly excused Mother's procedural noncompliance by not rejecting her motion on that basis. Procedural defects aside, we conclude Mother was potentially entitled to recover fees and costs under section 7605, subdivision (a). California consultation fees and costs were recoverable to the extent "reasonably necessary," provided the court found a "disparity in access and ability to pay." (§ 7605, subds. (a)–(b); see *Mix v. Tumanjan Development Corp.* (2002) 102 Cal.App.4th 1318, 1324 ["If an attorney is in fact retained by the pro se litigant and renders legal services

_____

[7] As to California consultation fees, Mother merely submitted two credit card receipts for $250 and stated a lawyer helped her "determine jurisdiction" and file a brief in Santa Clara. Mother's cost request does not indicate why those costs were incurred or what they pertain to. She seeks $69 for an unspecified court transcript, which she must repay if awarded fees and costs. She also seeks $212.41 for unspecified "court related postal expenses" and $164.80 for unspecified "court related stationary expenses."

16

assisting in the lawsuit, the attorney need not be an attorney of record in order for the reasonable fees of the attorney to be awarded to a prevailing party"]; but see Code Civ. Proc., § 1033.5, subd. (b)(3) [postal expenses "are not allowable as costs, except when expressly authorized by law"].) "While no particular language is required in an order [denying] attorney fees under [section 7605], the record . . . must reflect an actual exercise of discretion and a consideration of the statutory factors in the exercise of that discretion." (*Alan S., supra,* 172 Cal.App.4th at p. 254.) Here, in focusing on the much larger request for Illinois attorney's fees, the trial court apparently overlooked Mother's request for California attorney consultation fees and costs under section 7605.

The bulk of Mother's motion consisted of her request to recover $12,457.83 in attorney's fees incurred in Illinois. The trial court denied that request on venue grounds. The propriety of that ruling turns on the proper interpretation of section 7605, subdivision (a)—namely, whether the *Illinois* action was a "proceeding subsequent to entry of a related judgment" under section 7605, subdivision (a). We apply de novo review to determine the scope of the statute. (*Kevin Q., supra,* 195 Cal.App.4th at p. 642.) As we explain, section 7605 potentially permits Mother to recover Illinois attorney's fees, and she was not required to bring a motion in Illinois to preserve her claim. The Illinois action was sufficiently "related" to the California family law case to allow Mother to recover "reasonably necessary" Illinois attorney's fees to the extent the court found need-based fee-shifting appropriate. (§ 7605, subd. (a).)

Section 7605, like section 2030, allows for a fee award in a "proceeding subsequent to entry of a related judgment." (§ 2030, subd. (a); § 7605, subd. (a).) In

17

keeping with its statutory purpose, "the most obvious function of the 'related' proceeding language is to allow a trial court to fully ensure both parties' ability to maintain or defend a [family law action]." (*In re Marriage of Seamen & Menjou* (1991) 1 Cal.App.4th 1489, 1497.) Two suits might be " 'related' " if they "involve the same or similar subject matter" as the family law action and could have been part of that action. (*Ibid.*; *Askew v. Askew* (1994) 22 Cal.App.4th 942, 965 ["a civil action is certainly related to a family law action if it involves matters which should have been litigated in the family law action in the first place"] (*Askew*).) For example, in *Askew,* the wife was entitled to attorney's fees to defend husband's separate civil claims concerning real property that "were the province of the family law court in the first place." (*Ibid.*) In *Alan S.*, postdissolution custody modification proceedings were "related" to the dissolution proceeding for purposes of a need-based fee request. (*Alan S., supra,* 172 Cal.App.4th at p. 251.) By contrast, *In re Marriage of Seamen & Menjou* reversed a fee award because juvenile court dependency proceedings were not sufficiently "related" to the dissolution proceeding to permit the recovery of fees. (*In re Marriage of Seamen & Menjou, supra,* at p. 1499.)

Another way two suits might be "related" is if the separate civil suit intends an *effect* on the family law action. (*In re Marriage of Seamen & Menjou, supra,* 1 Cal.App.4th at p. 1497.) For example, in *In re Marriage of Green* (1992) 6 Cal.App.4th 584, the wife was entitled to recover fees incurred to defend a malicious prosecution suit that was brought to dissuade her counsel from pursuing the family law matter. (*Id.* at p. 591.) Nevertheless, although improper motive may be the " 'glue' " that connects a

18

civil proceeding with a family law action, it is not a *prerequisite* to a relatedness finding. (*Askew, supra,* 22 Cal.App.4th at p. 965.)[8]

"Normally, whether an action is 'related' to the marital case within the meaning of section [2030] is a factual question for determination by the trial court." (*In re Marriage of Green, supra,* 6 Cal.App.4th at p. 591.) Here however, there is only one possible finding from the record: Father's Illinois petitions to modify custody were "related" to the California custody case for purposes of section 7605, subdivision (a). Here, as in *Askew*, Father filed a separate action as to matters that should have been—indeed, could *only* have been—litigated in the California family law case. (*Askew, supra,* 22 Cal.App.4th at p. 965.) Just as change of custody proceedings are "related" in the dissolution context for purposes of section 2030 (*Alan S., supra,* 172 Cal.App.4th at p. 251), they are related for purposes of a fee award under section 7605.

The trial court found that to the extent Mother could recover Illinois attorney's fees, that request should have been brought in Illinois. Notwithstanding Mother's counsel's statements during oral argument, the record does not indicate that Mother filed

---

[8]     *In re Marriage of Seamen & Menjou*, *Askew*, and *In re Marriage of Green* were decided under Civil Code section 4730, the predecessor to Family Code section 2030. (Cal. Law Revision Com., com., 29D West's Ann. Fam. Code (2004), foll. § 2030 ["Section 2030 continues former Civil Code Section [4370 subdivision (a)] without substantive change"].) In 2004, the Legislature amended section 2030 through the same legislation that adopted section 7605. (*Kevin Q., supra,* 195 Cal.App.4th at p. 639.) Nothing in the amendments or legislative history indicates an intent to change the law as to what constitutes a "related" proceeding warranting attorney's fees and costs. (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2017) ¶ 14:15 ["it is believed that the pre-2005 line of authority dealing with fees/costs awards in connection with 'related' proceedings . . . remains valid"].)

a motion requesting fees from *Father* in Illinois. The only request appears to have been made by Mother's counsel, seeking unpaid fees from *Mother*. Nevertheless, a request for fees and costs incurred in "related" proceedings must be brought in the *family law action*, not in the "related" proceeding. (See *In re Marriage of Green, supra,* 6 Cal. App. 4th at p. 591 [husband "should have sought relief 'not through an independent action but through an award of attorney fees and sanctions . . . within the dissolution action' "]; *Neal v. Superior Court* (2001) 90 Cal.App.4th 22 [directing the *family law court* to award attorney's fees to wife for defending husband's related civil action].) Mother's failure to bring a motion in Illinois does not preclude recovery under section 7605.

Because the trial court did not exercise its discretion to consider Mother's request under section 7605, subdivision (a), remand is necessary for the court to determine using appropriate needs-based criteria whether an award of fees and costs is appropriate. We emphasize that section 7605, like section 2030, is aimed at *parity*—i.e., ensuring "a fair hearing with two sides equally represented"—not redistribution to the party with less income. (*Alan S., supra,* 172 Cal.App.4th at p. 251.)

We express no view as to whether an award of fees and costs is appropriate in this case. The trial court must determine whether Mother's identified fees and costs were "reasonably necessary" and whether fee shifting is "necessary based on the income and needs assessments." (§ 7605, subd. (a).) In making this determination, it should consider whether there was a "disparity in access and ability to pay" for legal representation at the time Mother filed her motion in June 2016. (§ 7605, subd. (b).) The court must make necessary findings under section 7605, subdivision (b) and may rely on the more detailed

20

provisions of sections 2032 and 4320 in doing so.  (*Kevin Q., supra,* 195 Cal.App.4th at pp. 643−644.)

DISPOSITION

The September 29, 2016 order denying Mother's expense request is vacated, and the matter is remanded for further proceedings to determine whether Mother may recover California attorney consultation fees, Illinois attorney's fees, and costs from Father pursuant to section 7605.  Mother is entitled to recover her costs on appeal.

Father's request for sanctions is denied.   Mother's appeal is not frivolous.


DATO, J.

WE CONCUR:



NARES, Acting P. J.



HALLER, J.